IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA    ) | |
| ) | CRIMINAL ACTION NO. |
| v.                          ) | 3:14cr306-MHT |
| ) | (WO) |
| JOHN W. MITCHELL            ) | |

OPINION AND ORDER

Based on the representations made on the record on April 10, 2015, it is ORDERED that defendant John W. Mitchell's motion to allow depositions of expert witnesses (doc. no. 72) is denied.

\*\*\*

The court will assume that the law allowing depositions in criminal cases is more expansive than the sole purpose recognized in case law of preserving the testimony of a witness likely to be unavailable at trial.  See United States v. Drogoul, 1 F.3d 1546, 1551 (11th Cir. 1993) ("Depositions generally are disfavored in criminal cases. ... Their 'only authorized purpose

is to preserve evidence, not to afford discovery.'") (citation omitted) (quoting Simon v. United States, 644 F.2d 490, 498 n. 12 (5th Cir. 1981)); see also Criminal Procedure, W.R. LaFave, et al. (3rd ed.), § 20.2(e) (" In ... the federal system, the deposition is available in criminal cases primarily for the purpose of preserving the testimony of a witness likely to be unavailable at trial."). The court will also assume, as defendant John W. Mitchell orally argued in support of his motion, that the court has the broad discretion to allow depositions under the Sixth Amendment and under an expansive definition of the word "preserve" in Rule 15(a)(1) of the Federal Rules of Criminal Procedure (that is, a definition that would include allowing the defendant to take depositions in advance of trial for broad discovery, including preserving testimony for later 'impeachment at trial' whenever a case was complex, despite the fact that such would favor defendants in complex cases over defendants in

2

simple cases when it comes to impeachment). However, even with these two assumptions, the court would still deny Mitchell's motion.

In stating his grounds for filing a motion, Mitchell complains that the expert disclosures provided to him by the government are "plagued" with "Disorganization," "Records mislabeled/misidentified," "Incomplete or inaccurate records," and "Records incorrectly formatted on computer disks rendering many records inaccessible or otherwise incomprehensible." Motion to allow depositions (doc. no. 72) at 4. However, Mitchell does not explain why he cannot obtain relief from these alleged deficiencies under Rule 16(a)(1)(G) of the Federal Rules of Criminal Procedure, which provides that, "At the defendant's request, the government must give to the defendant a written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial." Fed. R.

3

Crim. P. 16(a)(1)(G).  Mitchell need only file a motion, under Rule 16, complaining that the government's expert summaries are inadequate.

In other respects, his motion is simply conclusory. For example, he states: "Depositions of [the government experts] would provide more clarity as to the scope of their undertaking and, thus, the basis of the opinions proffered in their disclosure reports. Without the opportunity to question these witnesses in advance of trial of the case, the Defendant is at a disadvantage in his ability to raise pretrial issues on matters which would be precluded and otherwise prepare his cross examination pursuant to his Sixth Amendment rights." Motion to allow depositions (doc. no. 72) at 5. There is absolutely no evidence--and, in particular, no evidentiary detail--before the court that would demonstrate this alleged disadvantage. The court does not even have before it the government's expert reports.  Moreover, Mitchell has completely

failed to demonstrate why the pretrial filing and hearing of motions in limine would not adequately address his concerns.

(The court notes that, in his brief, Mitchell states that, "This court has the discretion to permit depositions, including depositions of expert witnesses, in the interest of justice and where exceptional circumstances are presented. <u>See</u> Fed. R. Crim. P. 15(a)(1)." Motion to allow depositions (doc. no. 72) at 1. Mitchell <u>completely misrepresents</u> Rule 15 by leaving out a critical phrase. The rule states, instead, that: "A party may move that a prospective witness be deposed <u>in order to preserve testimony for trial</u>. The court may grant the motion because of exceptional circumstances and in the interest of justice." Fed. R. Crim. P. 15(a)(1) (emphasis added). Mitchell is cautioned not to misrepresent again what a rule or statutory provision actually says.)

5

(The court also notes that some counsel have attempted to email their arguments to the court. The court does not accept arguments and briefs by either email or letter. Instead, all arguments and briefs must be formally filed and docketed with the court.)

DONE, this the 13th day of April, 2015.

                                          /s/ Myron H. Thompson  
                                     **UNITED STATES DISTRICT JUDGE**