THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:14-cr-306-MHT-WC |
| | ) | |
| JOHN W. MITCHELL | ) | |
| | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the court is Defendant's Motion to Compel Production of Grand Jury Testimony (Doc. 56), the Government's Response (Doc. 64); and Defendant's Reply (Doc. 67). For the reasons that follow, the undersigned RECOMMENDS that the motion be DENIED.

Defendant moves this court to enter an order directing the Government to produce all grand jury testimony taken regardless of whether the witness will testify at trial. Def.'s Mot. (Doc. 56) at 1. He asserts that the production of all grand jury testimony is necessary because the Government has only produced transcripts of eight witnesses eight months before trial, and that, consequently, his Sixth Amendment right to the effective assistance of counsel is impaired because, lacking transcripts of such testimony, counsel's ability to prepare for trial and cross-examine witnesses is inhibited. Additionally, Defendant asserts that the Government cannot know who will testify at trial this early in the proceeding and that, at a minimum, the Government should be required

to turn over the testimony of its "case agent" before the grand jury. *Id.* at 2. Furthermore, Defendant contends that Rule 16(a)(1)(G), requiring production of expert witnesses, means that "any testimony of an expert, not just a summary prepared by the particular expert" should be produced. *Id.* at 3.

In response, the Government states that there is no basis in criminal pretrial discovery for compelling grand jury testimony of witnesses not testifying at trial. Gov't's Resp. (Doc. 64) at 4. The Government argues that criminal pretrial discovery is distinct from, and narrower than, civil pretrial discovery, and that the Jenks Act does not require production of a witness's statements until the witness has testified on direct examination in the Government's case in chief. *Id.* at 4. Finally, the Government asserts that it has met all pretrial discovery requirements under Federal Rule of Criminal Procedure 16(a)(1)(G), which requires production of any written summary of expert testimony planned for use during the case-in-chief. *Id.* at 5.

In general, it is the "policy of the law that grand jury proceedings be kept secret . . . ." *Blalock v. United States*, 844 F.2d 1546, 1555 (11th Cir. 1988). However, the district court has the discretion to compel production of grand jury transcripts in limited circumstances. *United States v. Wingo*, 723 F. Supp. 798, 802 (N.D. Ga. 1989). In order to overcome grand jury secrecy, a defendant has the burden of showing a particularized need that "outweighs the benefits of maintaining the secrecy." *Id.* at 802 (quoting *In re Subpoena to Testify before Grand Jury*, 864 F.2d 1559, 1562 (11th Cir. 1989)). "Particularized need is not shown by a general allegation that grand jury materials are

necessary for the preparation of a motion to dismiss." *United States v. Burke,* 856 F.2d 1492, 1496 (11th Cir. 1988). Thus, general allegations will not suffice as a means for compelling the production of grand jury testimony. *See United States v. Smith*, 449 F. App'x 791, 793 (11th Cir. 2011). To establish a particularized need, the Defendant must demonstrate that "(1) circumstances have created certain difficulties peculiar to this case; (2) those circumstances could be alleviated by access to specific grand jury materials; and (3) the disclosure of those materials would not do 'disproportionate harm to the salutary purpose of secrecy embodied in the grand jury process.'" *United States v. Castronuovo*, No. 10-80149-CR, 2012 WL 7050590, at *1 (S.D. Fla. Dec. 14, 2012) (quoting *United States v. Elliot*, 849 F.2d 554, 558 (11th Cir. 1988)). *See also United States v. Price*, 582 F. App'x 846, 849 (11th Cir. 2014) (quoting *United States v. Aisenberg*, 358 F.3d 1327, 1348-49 (11th Cir. 2004)).

Defendant cites to no authority for the proposition that he is entitled to all of the grand jury testimony, or that the circumstances described in his motion evince the "particularized need" required for such disclosure.[1] Rather, Defendant simply argues that

---

[1] The only citation to authority in Defendant's motion is his citation of *Dennis v. United States*, 384 U.S. 855 (1966), which Defendant appears to cite for the general proposition that, "'where the ends of justice require it,'" a federal court has the power "to direct disclosure of grand jury testimony 'preliminarily to or in connection with a judicial proceeding.'" *See* Def.'s Mot. (Doc. 56) at 6-7. Of course, as a general matter, this is not in dispute. However, *Dennis* does not support any contention that Defendant has sufficiently demonstrated a "particularized need" for the disclosure of all grand jury testimony in this case. In *Dennis*, the Court found that the defendants had sufficiently demonstrated the requisite "particularized need" because "the Government concedes that the importance of preserving the secrecy of the grand jury minutes is minimal and also admits the persuasiveness of the arguments advanced in favor of disclosure[.]" 384 U.S. at 871-72. In pertinent part, the Court noted that the grand jury testimony the defendants were seeking to obtain so that they could compare it with subsequent trial testimony concerning the conspiracy that was the subject of the criminal case was "relatively fresh" at the time of the grand jury as compared to the trial testimony several years later. *Id.* at 872. Thus, because a

3

"[t]here is not a single policy, reason, legal conclusion or justification to <u>not</u> grant defendant's motion" because, he asserts, he has demonstrated a "particularized need," grand jury proceedings have concluded, "[t]here is no fear of interference by defendant with the witnesses," and the Government should not be "allowed to 'cherry pick' what it wants the defense to have and not have." Def.'s Mot. (Doc. 56) at 5-6. However, the undersigned does not agree that Defendant has indeed demonstrated the "particularized need" for the grand jury testimony he seeks. In short, Defendant's abiding desire to view such testimony merely for purposes of trial preparation simply does not suffice.

Defendant's motion is in essence a general challenge to the secrecy of grand jury proceedings, not a demonstration of discrete reasons why he has a "particularized need" for the testimony he seeks. He first makes clear that he is simply unhappy with the grand jury witness transcripts which were provided to him because "these witnesses only provided general background information without ever testifying to any of the specific allegations contained in the indictment." Def.'s Mot. (Doc. 56) at 1. He argues that "the Government cannot say with any degree of certainty that a witness will not be called at trial." Def.'s Mot. (Doc. 56) at 2. However, the Government most certainly can identify those witnesses it intends to call at trial, and, absent a showing of some compelling reason to conclude otherwise, a court should defer to the Government's representations in

---

"conspiracy case carries with it the inevitable risk of wrongful attribution of responsibility to one or more of the multiple defendants," disclosure of the subject grand jury testimony was needed to assure "that the doors that may lead to truth have been unlocked." *Id.* at 873. Defendant makes no showing, and the undersigned does not discern, how the specific circumstances germane to the Court's decision in *Dennis* are analogous to his case.

4

this regard.[2]  To find otherwise would destroy the secrecy of grand jury proceedings based only on the hunch that the Government does not know what it is doing.

As to Defendant's argument about the purported impairment of his right to the effective assistance of counsel, if his logic prevailed, all defendants would be entitled to all testimony of all grand jury witnesses, regardless of whether such witnesses will testify at trial.  Presumably, all defendants would like unfettered access to the entirety of grand jury proceedings in order to fish for "inconsistencies in facts and evidence," inform and plan "trial strategy," and "evaluate the likelihood of a successful affirmative defense[,]" but Defendant has presented no authority that the Sixth Amendment requires such disclosure to vindicate such generalized objectives.  Likewise, the "situation" bemoaned by Defendant, that the Government's ability to limit his access to sworn grand jury testimony effects "at least an indirect ability to limit (and possibly even control) the defendant's attorney in his pretrial preparation and the development of trial strategy," *see* Def.'s Mot. (Doc. 56) at 3, is by no means specific or "peculiar" to him.  That is simply how these things work.  If Defendant would subvert the well-established and ostensibly lawful model of grand jury secrecy, he must provide the court with a clearer path to get

---

[2] Defendant's contention that he is entitled to the grand jury testimony of any "case agent" who "gathered documents, interviewed witnesses and presumably testified at the grand jury as to the findings of the Government's experts[,]" Def.'s Mot. (Doc. 56) at 2, is well taken assuming the accuracy of what Defendant makes clear is his own presumption.  And, the undersigned agrees that it "is more than simply conceivable that the case agent, at a minimum, will be used in some capacity at trial." *Id.*  However, the Government has made clear that the case agents in this case did not testify before the grand jury.  Gov't's Resp. (Doc. 64) at 3.  Even after the Government offered this definitive clarification, Defendant confusingly insists that a purported inconsistency between the Government's expert reports and a paragraph in the Indictment, as well as his allegations of prosecutorial misconduct before the grand jury, "justifies an order requiring at a minimum production of the case agent's testimony." Def.'s Reply (Doc. 67) at 2.  The court simply cannot order the Government to disclose something that does not exist.

there, and a more compelling reason to follow him down that path, than a series of generalized grievances with grand jury secrecy which are in no way "peculiar" to him or this case.[3]

Elsewhere in his motion, it appears Defendant argues that he is entitled to disclosure of all grand jury testimony due to "grand jury abuse" characterized by what he describes as the "pervasive and systematic use of unfairly prejudicial testimony and the use of leading questions" before the grand jury. Def.'s Mot. (Doc. 56) at 4. Defendant has separately filed a motion to dismiss the indictment due to such "abuse." *See* Def.'s Mot. To Dis. (Doc. 54). Presumably, Defendant believes that he is entitled to disclosure of all grand jury testimony so that he may uncover more of the "abuse" he believes is depicted in those transcripts made available to him. However, as discussed above, "[p]articularized need is not shown by a general allegation that grand jury materials are necessary for the preparation of a motion to dismiss." *Burke,* 856 F.2d at 1496.

---

[3] Also unavailing is Defendant's contention that he is entitled to additional grand jury testimony under the theory that Rule 16(a)(1)(G) of the Federal Rules of Criminal Procedure, which requires the Government to provide the Defendant with "a written summary of the testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial[,]" requires the Government to disclose "a summary of any testimony of an expert, not just a summary prepared by the particular expert." Def.'s Mot. (Doc. 56) at 3. Defendant reasons that, "if the case agent or any other witness testified at grand jury as to the conclusions of the Government experts that testimony is a 'summary' of the expert's report that is required to be disclosed. A summary of the expert testimony is the same regardless of who is doing the summarizing and regardless of how many summaries exist." *Id.* at 3-4. Defendant cites no authority for his proposition that a witness's testimony at the grand jury may constitute a "written summary" for purposes of Rule 16(a)(1)(G). Nor has Defendant provided any authority for his assertion that the Rule encompasses disclosure of a summary prepared by persons other than the relevant expert witness. Defendant concedes that he has been given "summaries prepared by the two respective Government experts." Def.'s Mot. (Doc. 56) at 3. The Government clarifies that it has disclosed "the original reports of its experts, supplemental reports of its experts, and a written summary of testimony the Government intends to use in its case-in-chief." Gov't's Resp. (Doc. 64) at 5. On the information before the court, there is no basis upon which to question whether the Government has complied with Rule 16(a)(1)(G).

Moreover, because Defendant has filed a separate motion to dismiss based upon this perceived grand jury abuse, the undersigned will leave a more in-depth discussion of Defendant's argument about such abuse to the recommendation addressing that motion. It is sufficient for present purposes to note that the undersigned's belief that Defendant has embellished both the extent and the severity of any perceived "abuse" of the grand jury process and that, therefore, he has failed to show that such "abuse" somehow constitutes a "particularized need" for disclosure of all grand jury testimony.

Defendant's final argument appears to be that his "need to review all grand jury testimony is especially significant for preparation of the defense with regard to the general accepted standard among cardiologist[s] for stent placement due to the conflict in the allegations of the indictment and the reports of the two identified Government experts." Def.'s Mot. (Doc. 56) at 4. In short, the Indictment alleges that it is "generally accepted among cardiologists that a coronary stent was not 'medically necessary' absent a diagnosis of at least a 70 percent (70%) lesion or 70% stenosis in the artery and symptoms of blockage." Ind. (Doc. 1) ¶ 26. However, Defendant asserts, the Government's expert reports indicate "a more liberal standard." Def.'s Mot. (Doc. 56) at 5. Defendant fails to indicate how his defense to the charges, including challenging the allegation in paragraph 26 of the Indictment, if he believes that is central to his case, can only be advanced by his review of all of the grand jury testimony, and he does not explain how the perceived "inconsistency" between the Government's experts and paragraph 26 could constitute the requisite "particularized need" for disclosure of all

grand jury testimony.  Certainly, Defendant is not encumbered from locating his own experts or other evidence to challenge any allegation about generally accepted standards among cardiologists or from impeaching any testimony about such standards with the expert reports he believes indicate "a more liberal standard."  Moreover, he does not argue, for example, that, similar to *Dennis*, testimony before the grand jury is uniquely likely to provide a basis to question the veracity of ¶ 26 or any other allegation in the indictment.  Indeed, the Government makes clear in its response to Defendant's separate Motion to Strike Surplusage in the Indictment (Doc. 55) that the cardiologists who testified before the grand jury, whose testimonies have been provided to Defendant, uniformly testified "that the prevailing guideline for placement of a stent is the 70% level recited in paragraph 26 of the indictment."  Def.'s Resp. (Doc. 65) at 5.  Rather, it simply appears that Defendant is attempting to divine some basis to permit his desired fishing expedition through the secret grand jury proceedings.  This he may not do without a stronger showing of a "particularized need" to do so.

For all of the foregoing reasons, the undersigned finds that Defendant has failed to show a "particularized need" for the disclosure of all grand jury testimony that outweighs the veil of secrecy surrounding grand jury proceedings.  Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Defendants' Motion to Compel Production of Grand Jury Testimony (Doc. 56) be DENIED.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before May 18, 2015.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive, or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); s*ee Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 4th day of May, 2015.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE